# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETO L. FERNANDO, | 1:08-cv-01340-DLB (HC) |
| Petitioner, | |
| v. | <u>ORDER OF TRANSFER</u> |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, Petitioner challenges the validity of his conviction and/or sentence. The proper venue for challenging the validity of his sentence is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated.

Because Petitioner is challenging the validity of his conviction and/or sentence, this

1  petition should be heard by the district court containing the sentencing court.  Under 28 U.S.C.
2  section 2254, this Court does not have jurisdiction to hear claims relating to the sentencing court
3  where Petitioner was not sentenced in this district.  See 28 U.S.C. § 2241(d); Local Rule 81-
4  191(g).  Additionally, the resolution of Petitioner's claims involving the sentencing court may
5  render his remaining claims moot.

6       Petitioner is challenging a conviction from Solano County, which is in the Sacramento
7  Division of the Eastern District of California.  Therefore, the petition should have been filed in
8  the United States District Court for the Eastern District of California, Sacramento Division.  In
9  the interest of justice, a federal court may transfer a case filed in the wrong district to the correct
10 district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

11      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
12 States District Court for the Eastern District of California, Sacramento Division.

14      IT IS SO ORDERED.

15      **Dated:   October 31, 2008**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE